IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Inmate Mr. Wade Stepney, Jr., | ) C/A No.: 1:12-3411-JMC-SVH |
| Plaintiff, | ) |
| vs. | ) |
| Mr. Robert E. Ward, SCDC Deputy Director; Mr. Michaiel Mathews, SCDC Classification Director; Ms. Susan Montgomer, SCDC Leg/GOV Relations; Ms. Livington, SCDC KCI R&E Classification; Hon. Sen. Robert D. Ford, Correction Penology, | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a state prisoner incarcerated at Perry Correctional Institution alleging constitutional violations under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that he entered Kirkland Correctional Institution ("KCI") on March 8, 2012, pursuant to a state court conviction and sentence. [Entry #1 at 3]. He alleges he was assigned to a two-man cell, where he slept on a mattress on the floor. *Id*. He claims he was

then classified as a non-violent inmate and transferred to Perry Correctional Institution ("PCI"), where he allegedly resided with another inmate in a cell designed for one person. *Id.* Plaintiff alleges he has been subjected to overcrowded living conditions at the South Carolina Department of Corrections ("SCDC"). *Id.*

Plaintiff claims that Robert E. Ward, SCDC Deputy Director, "failed to implement or improvise and enforce the Emergency Overpower Act's EPI and EPII to prevent and to control SCDC facilities and entities crowding and overcrowding of violent and non-violent SCDC prison inmates." *Id.* at 4. The complaint alleges Michaiel Matthews, SCDC Classification Director, has "failed to supervise SCDC classification personnel, who have conspired with local county detention centers to deliberate[ly] treat SCDC prison inmates indifferent" and house violent and non-violent inmates "together due to SCDC crowding and overcrowding." *Id.* The complaint claims that defendant Livington, a classification employee at KCI, conspired to keep Plaintiff in "Level 3 custody" by transferring him to PCI. *Id.* Defendant Susan Montgomer, "SCDC Leg/Gov Relations Lobbyist," is named for failing "to address the SCDC crowding and overcrowding or communicate with State Government" regarding the issue. *Id.* Plaintiff names "Hon. Sen. Robert D. Ford, Correctional Penology Board Committee Member," as a defendant for allegedly failing to enforce South Carolina laws and the "SCDC Emergency Powers Release Act" to alleviate overcrowded conditions. *Id.* Plaintiff seeks an order "compelling the reducing and reductions of all SCDC prison inmates sentences from 85% 65% 51% to the minimum of 41% under the Emergency

2

Overpowers Release Act." *Id.* at 5. Plaintiff also seeks an order enjoining SCDC overcrowding and compelling separate housing for violent and non-violent inmates. *Id.* Plaintiff also seeks monetary damages. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded

3

to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Key v. Miano*, C/A No. 1:11-1613-DCN-SVH, 2012 WL 2263352, at *2 (D.S.C. Jun. 15, 2012).

The instant complaint provides no facts to indicate that any of the defendants were personally involved in Plaintiff's alleged placement in an overcrowded cell at KCI or PCI. Instead, Plaintiff claims that the defendants, some of whom appear to be supervisory officials at SCDC, have failed to properly enforce state laws or SCDC regulations to prevent and/or control general overcrowding in the prison system. [Entry #1 at 4]. While supervisory

4

officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's complaint fails to demonstrate that any of the defendants in this case were aware of, or deliberately indifferent to, any constitutional risk of injury to him. To the extent Plaintiff may be alleging a claim of negligence against the defendants for failure to properly perform their job duties, the law is well-settled that such a claim is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct).

In addition, the complaint fails to provide sufficient factual information to show that the alleged overcrowded conditions at KCI or PCI violated Plaintiff's constitutional rights. The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, the Eighth Amendment "does not mandate comfortable prisons," and, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."

5

*Rhodes v. Chapman*, 452 U.S. 337, 347–49 (1981); *see also Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir.1990). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003); *see also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) ("[A] prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment."). In the present case, Plaintiff alleges that he has been placed in an overcrowded and uncomfortable cell at two institutions. [Entry #1 at 3]. However, Plaintiff fails to demonstrate extreme deprivation of a basic human need by any of the defendants. As such, Plaintiff's allegations are insufficient to state a cognizable Eighth Amendment claim of cruel and unusual punishment.

Plaintiff also complains about the classification system at SCDC. However, a prisoner has no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Cases previously decided in this district make clear that South Carolina law confers no protected liberty

interest upon state inmates regarding prison classification. *See Keeler v. Pea*, 782 F. Supp. 42, 43–44, (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *see also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Brown v. Evatt*, 470 S.E.2d 848, 851 (S.C. 1996) (state statutes and SCDC's operational classification regulations do not create a liberty interest in security or custody classifications). Therefore, Plaintiff's claims regarding his institutional classification and placement are subject to summary dismissal.

Finally, the court notes that it cannot grant some of the relief Plaintiff seeks. Plaintiff asks the court to compel action by state officials and employees.[1] [Entry #1 at 5]. Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Further, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–88 nn. 2–4 (4th Cir. 1969). Because Plaintiff seeks mandamus relief against

---

[1] It is further noted that Plaintiff's request for a reduction in sentences for prison inmates is not cognizable under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

7

state officials and employees, the court lacks jurisdiction under §§ 1361 and/or 1651 to grant such relief.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 26, 2013                                                         Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).