**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Inmate Mr. Wade Stepney, Jr., ) | Civil Action No. 1:12-cv-03411-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Mr. Robert E. Ward, SCDC Deputy ) | |
| Director; Mr. Michaiel Mathews, SCDC ) | |
| Classification Director; Ms. Susan ) | **ORDER AND OPINION** |
| Montgomer, SCDC Leg/GOV Relations; ) | |
| Ms. Livington, SCDC KCI R&E ) | |
| Classification; Hon. Sen. Robert D. Ford, ) | |
| Correction Penology, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Wade Stepney, Jr. ("Plaintiff"), filed this pro se action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he has been subjected to overcrowded living conditions at the South Carolina Department of Corrections ("SCDC") due to the actions and failures of Defendants Mr. Robert E. Ward, Mr. Michaiel Mathews, Ms. Susan Montgomer, Ms. Livington, and Hon. Sen. Robert D. Ford (collectively "Defendants"). (ECF No. 1 at 4.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On March 26, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the case without prejudice and without issuance and service of process. (ECF No. 13.) This review considers Plaintiff's Objections to the Report ("Objections") filed April 3, 2013 (ECF No. 15) and his Supplement to the Objections filed July 29, 2013 ("Supplement"). (ECF No. 17.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report with the exception that the court **DISMISSES** this action (ECF

1

No. 1) with prejudice and without issuance and service of process.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts are discussed in the Report.  (See ECF No. 13.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference.  The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections and Supplement.

Plaintiff alleges that he was assigned to a two-man cell at Kirkland Correctional Institution ("KCI") pursuant to his conviction and sentence in state court.  (ECF No. 1 at 3.)  Plaintiff asserts he was not given a bed in his cell at KCI and slept on a mattress on the floor.  (Id.)  Subsequently, Plaintiff states he was classified as a non-violent inmate and transferred to Perry Correctional Institution ("PCI"), where he allegedly resided with another inmate in a cell designed for one person.[1]  (Id.)  Plaintiff contends he has been subjected to overcrowded living conditions while in the custody of SCDC.  (Id.)

Plaintiff claims that Robert E. Ward, SCDC Deputy Director, "failed to implement or improvise and enforce the Emergency Overpower Act's EPI and EPII to prevent and to control SCDC facilities and entities crowding and overcrowding of violent and non-violent prison inmates."  (Id. at 4.)  The Complaint also alleges Michaiel Mathews (sic), SCDC Classification Director, "failed to supervise SCDC classification personnel, who have conspired with local county detention centers to deliberate[ly] treat SCDC prison inmates indifferent[ly]" and house violent and non-violent inmates together due to overcrowding.  (Id.)  Plaintiff further claims that

---

[1] In his Complaint, Plaintiff states he was classified as a non-violent inmate and then transferred to PCI.  (ECF No. 1 at 3.)  In his Objections, Plaintiff states he was a "non-violent SCDC prison inmate" later classified as "a violent offender and transferred to Level 3 SCDC PCI."   (ECF No. 15 at 1.)  While Plaintiff's classification is ambiguous due to his contradictory statements, it ultimately is not decisive here.

Defendant Livington, a classification employee at KCI, conspired to keep Plaintiff in "Level 3 custody" by transferring him to PCI. (Id.) Additionally, Plaintiff alleges Susan Montgomer, SCDC Leg/Gov Relations Lobbyist, failed "to address the SCDC crowding and overcrowding or communicate with State Government" regarding the issue. (Id.) The Complaint further alleges that "Hon. Sen. Robert D. Ford, Correctional Penology Committee Member," has failed to enforce South Carolina laws and the "SCDC Emergency Powers Release Act" to address overcrowded conditions. (Id.)

In his Complaint, Plaintiff seeks to reduce all SCDC prison inmates' sentences to "the minimum of 41% under the Emergency Overpowers Release Act." (Id. at 5.) In addition, Plaintiff seeks an order enjoining SCDC overcrowding and compelling separate housing for violent and non-violent inmates. (Id.) Plaintiff also seeks monetary damages. (Id.)

On March 26, 2013, the Magistrate Judge issued the Report recommending the court dismiss the action without prejudice and without issuance and service of process. (ECF No. 13 at 8.) The Magistrate Judge found that Plaintiff's Complaint failed to provide facts showing that "any of the defendants were personally involved in Plaintiff's alleged placement in an overcrowded cell at KCI or PCI." (Id. at 4.) Since the Complaint contained no personal allegations against Defendants, all claims should be dismissed. (Id.) While it is possible to show that Defendants could be liable in their supervisory capacities, the Magistrate Judge found that Plaintiff did not meet any of the criteria necessary to do so because he failed to show they were "aware of, or deliberately indifferent to, any constitutional risk of injury to him." (Id. at 5.) Additionally, the Magistrate Judge found that Plaintiff failed to show "extreme deprivation of a basic human need" such that the overcrowded conditions at KCI or PCI violated Plaintiff's constitutional rights. (Id. at 5-6.) The Magistrate Judge also noted that Plaintiff's claims

3

regarding his classification and placement are subject to summary dismissal because South Carolina law confers "no protected liberty interest upon state inmates regarding prison classification."  (Id. at 6-7.)  Finally, the Report found that Plaintiff's request for an order compelling SCDC employees to ease overcrowding and separate violent and non-violent inmates could not be granted by this court because it lacks jurisdiction to compel state officials and employees to act pursuant to 28 U.S.C. §§ 1361 and 1651.[2]  (Id. 7-8.)

Plaintiff timely filed his Objections on April 3, 2013.  (ECF No. 15 at 10.)  Thereafter, Plaintiff filed his Supplement to these Objections on July 29, 2013.  (ECF No. 17 at 1.)

## II.     JURISDICTION

The court has jurisdiction over Plaintiff's claims against Defendants pursuant to 28 U.S.C. § 1331 because Plaintiff filed his action in this court under 42 U.S.C. § 1983 (ECF No. 1 at 3), which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.

## III.    LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Matthews v. Weber, 423 U.S. 261, 270-71 (1976).  This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept,

---

[2] The Magistrate Judge also noted that Plaintiff's request for a reduction in sentences of all prison inmates is not cognizable under 28 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release) (emphasis added).

reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  If the plaintiff fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

As Plaintiff is a pro se litigant, the court is required to liberally construe his arguments. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  While a pro se litigant is entitled to "special judicial solicitude," a court is not mandated to recognize vague claims or complaints that fail "to allege anything that even remotely suggests a factual basis for the claim."  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

A. Plaintiff's Objection Pursuant to the Nelson Decree

In his Objections, Plaintiff argues that the overcrowded conditions at KCI and PCI as well as the holding of violent and non-violent inmates in the same facilities violate the Nelson

5

Decree. (ECF No. 15 at 1-2.) In Plyler v. Leeke, adult prisoners in the custody of SCDC, as a class, alleged that overcrowded conditions in SCDC prisons violated the Eighth Amendment. Plyler v. Leeke, C/A No. 3:82-0876-2, 1986 WL 84459, at *1 (D.S.C. Mar. 26, 1986). However, the parties reached a settlement agreement, which Plaintiff refers to as the Nelson Decree in his Objections. Id. at *2. The Nelson Decree does not forbid the use of one cell for two prisoners. Id. at *7. In fact, it provides that "up to one-half of the cells presently used for the general population" at KCI and PCI in particular "may be double-celled." Id. Further, while the Nelson Decree does state that violent and non-violent prisoners must be separated, it does not mandate that such prisoners must be housed in separate facilities. Id. at *20. Rather, classification procedures must "separate violent from non-violent prisoners at each institution." Id. (emphasis added).

While states may, under appropriate circumstances, create liberty interests protected by the Constitution, "these interests will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Plaintiff's argument regarding the overcrowding and holding of violent and non-violent prisoners at the same institution not only fails to violate the Nelson Decree on its face, but also ignores the fact that Plaintiff has no liberty interest regarding his classification. See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992) (citing Meachum v. Fano, 427 U.S. 215 (1976)); Brown v. Evatt, 470 S.E.2d 848, 851 (S.C. 1996) (state statutes and SCDC's operational classification regulations do not create a liberty interest in security or custody classifications). Plaintiff's allegations of overcrowding in his Objections fail to amount to an "atypical and significant hardship" that invest a liberty interest in him.

B. <u>Plaintiff's Objections on the Basis of Sufficient Allegations in his Complaint</u>

In his Objections, Plaintiff states that his Complaint provides sufficient facts and allegations to show that Defendants were personally involved in depriving Plaintiff of his constitutional rights. (ECF No. 15 at 6.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and law of the United States" and (2) this violation "was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Plaintiffs must show that a defendant acted "personally in the deprivation of the plaintiffs' rights." <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint lacks such personal allegations against a defendant, that defendant should be dismissed. See <u>Key v. Miano</u>, C/A No. 1:11-1613-DCN-SVH, 2012 WL 2263352, at *2 (D.S.C. Jun. 15, 2012). Beyond his conclusory statement concerning the Complaint's sufficiency, Plaintiff fails to point to any new facts in his Objections regarding Defendants' personal involvement in Plaintiff's treatment or argue that the Magistrate Judge failed to acknowledge a fact or allegation Plaintiff made against Defendants in his Complaint. An independent review of Plaintiff's Complaint reveals no fact or allegation that can be construed as showing Defendants personally acted to deprive Plaintiff of his constitutional rights.

Plaintiff further contends in his Objections that his Complaint "demonstrated that all of the SCDC Defendants . . . were aware of or deliberately indifferent to all constitutional risks or injury" to Plaintiff. (ECF No. 15 at 7.) It is possible for officials to be held liable for constitutional injuries in their supervisory capacity when the plaintiff shows (1) the supervisory official was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) a positive casual link exists between the supervisor's inaction and the injury suffered by the plaintiff. <u>Carter v. Morris</u>, 164 F.3d 215, 221 (4th Cir.

1999). Again, Plaintiff does not present new facts or make any new allegations in his Objections or Supplement showing that Defendants were aware of or deliberately indifferent to the risk of constitutional injury towards Plaintiff. Upon independent review of his Complaint, Plaintiff provided no facts or substantive allegations to find Defendants liable in their supervisory capacity.

Plaintiff also argues that his Complaint "provides sufficient factual information to show that the alleged overcrowding and crowding conditions of KCI and PCI" have violated his constitutional rights. (ECF NO. 15 at 8.) To show an Eighth Amendment violation, a prisoner must show that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the official act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)). While unconnected to his claim of overcrowding, Plaintiff appears to put forth a new allegation that the floor was flooded in his cell. (ECF No. 15 at 6.) However, a flooded floor has not traditionally been treated as a violation of a prisoner's Eighth Amendment rights. See Smith v. Fields, C/A No. 96-6001, 1996 U.S. App. LEXIS 10156, at *2-3 (10th Cir. May 2, 1996) (Prisoner's treatment did not implicate the Eighth Amendment where he was housed "in a cell with a flooded floor and a bunk that sagged to the floor."); Bagwell v. Brewington-Carr, C/A No. 97-321-GMS, 2000 U.S. Dist. LEXIS 21276, at *19 (D. Del. Apr. 27, 2000) (No violation of the Eighth Amendment by confining a prisoner in a flooded cell for up to a few days).

Moreover, in his conclusory statement regarding the Complaint's sufficiency, Plaintiff fails to introduce any new facts specifically regarding overcrowding showing that his treatment amounted to a "deprivation of [a] basic human need." Upon independent review of his Complaint and Objections, Plaintiff has not provided any facts or made allegations that his

treatment at PCI or KCI deprived him of basic human needs or that Defendants had a "sufficiently culpable state of mind."

C. Plaintiff's Objection to the Report's Consideration of 28 U.S.C. § 1361

Plaintiff appears to object to the Magistrate Judge's characterization of his request for an order preventing SCDC overcrowding and requiring separation of violent and non-violent inmates as a writ of mandamus. (ECF No. 15 at 9; ECF No. 13 at 7; ECF No. 1 at 5.) Plaintiff argues that he has not requested a writ of mandamus under 28 U.S.C. § 1361. (ECF No. 15 at 9.) However, the order Plaintiff requested in his Complaint would necessarily be accomplished by compelling state officials and employees to implement measures to prevent SCDC overcrowding and separate violent and non-violent inmates. Therefore, Plaintiff's request amounts to one for mandamus relief.

Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is "infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. Chamberlain v. Kershaw Corr. Inst., C/A No. 6:09-2177-HFF-WMC, 2009 U.S. Dist. LEXIS 87510, at *7 (D.S.C. Sept. 15, 2009). Thus, a federal court cannot issue a writ of mandamus against state officials. Id.; see also Gurley v. Super. Ct. of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969) ("Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ."). Because Plaintiff essentially seeks a mandamus writ against state officials and employees, this court lacks jurisdiction to grant such relief under 28

9

U.S.C. § 1361.

    D.  <u>Plaintiff's Supplement to his Objections</u>

On July 29, 2013, Plaintiff submitted a Supplement to his Objections in which he contends that the relief to be granted in his case "is limited to that necessary to remove conditions causing Eighth Amendment violations, cruel and unusual punishments, [and] SCDC crowding and overcrowding." (ECF No. 17 at 1.) However, Plaintiff does not put forth any specific objections to the Report in this Supplement. Because there are no specific objections as required by Federal Rule of Civil Procedure 72(b), the court need not conduct a further de novo review of Plaintiff's case. <u>See</u> Fed. R. Civ. P. 72(b). The court does not find clear error and accepts the Magistrate Judge's Report on all issues Plaintiff did not specifically object to in his Objections.

## IV.    CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report (ECF No. 13) of the Magistrate Judge with the exception that Plaintiff's action be dismissed with prejudice. It is therefore ordered that this action (ECF No. 1) is **DISMISSED** with prejudice and without issuance and service of process.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 15, 2015
Columbia, South Carolina